UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA,

  -v-                                              No. 13-CR-0898-LTS

VLADIMIR RODRIGUEZ,

        Defendant.

-------------------------------------------------------x

## ORDER

Defendant Vladimir Rodriguez has moved, pro se, for early termination of his supervised release term. (Docket Entry No. 24.) On March 20, 2014, after pleading guilty to violating 21 U.S.C. § 846 by conspiring to possess with intent to distribute heroin, Mr. Rodriguez was sentenced principally to 60 months of imprisonment, to be followed by a 48-month supervised release term. (Docket Entry No. 20.) Mr. Rodriguez's supervised release commenced on November 20, 2016, and, to date, Mr. Rodriguez has served almost 36 months of his supervised release term. Both the Government and the Probation Department oppose Mr. Rodriguez's motion. (Docket Entry No. 27.[1]) The Court has reviewed the parties' submissions carefully and, for the following reasons, Mr. Rodriguez's motion is denied.

Section 3583 provides that the Court may, after considering the factors set forth in Section 3553(a) of Title 18 of the United States Code, "terminate a term of supervised release . . . after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C.S. §

---

[1] The Probation Department's October 16, 2019, response was served on Mr. Rodriguez and has been filed under seal.

3583(e)(1) (LexisNexis 2008). "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." U.S. v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). However, "[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." U.S. v. Bouchareb, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014) (internal quotation marks omitted).

Mr. Rodriguez has moved for early termination of his supervised release term on the grounds that (i) he is employed, (ii) he has returned negative drug tests, and (iii) he has maintained a stable residence. (See Docket Entry No. 24.) Mr. Rodriguez's supervised release period has indeed been without incident. Mr. Rodriguez is, however, a career offender who has twice been convicted of federal drug crimes. While the Court commends Mr. Rodriguez for his compliance with the terms of his supervised release, the Court finds that Mr. Rodriguez has not identified extraordinary conduct or unforeseen harsh circumstances that warrant early termination of his supervised release. Even though Mr. Rodriguez's post-incarceration conduct has been entirely compliant, "this alone cannot be sufficient reason to terminate the supervised release." U.S. v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998). After all, "full compliance with the terms of supervised release is what is expected of him and all others serving terms of imprisonment and supervised release and does not warrant early termination." U.S. v. Rasco, No. 88 Crim. 817 (CSH), 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000).

The Court concludes that, in consideration of the factors set forth in both the Judicial Conference Criminal Law Committee's May 12, 2009, memorandum and in 18 U.S.C.

§ 3553(a), and in consideration of Mr. Rodriguez's prior criminal history, which includes a serious drug-related offense, concern for protection of the public and further promotion of respect for the law make early termination of Mr. Rodriguez's supervised release term inappropriate at this time.  Therefore, Mr. Rodriguez's motion for early termination is denied. Because the Court is not modifying the terms of Mr. Rodriguez's supervised release, the Court is not required to hold a hearing.  Fed. R. Crim. P. 32.1(c)(2)(A); <u>see also</u> 18 U.S.C. § 3583(e)(1) (supervised release may be terminated "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation"); <u>Karacsonyi v. U.S.</u>, 152 F.3d 918 (2d Cir. 1998) (finding that, because defendant's "term of supervised release was not modified," Rule 32.1 "did not call for a hearing").

       Docket Entry No. 24 is resolved.

    SO ORDERED.

Dated: New York, New York
      November 14, 2019

                                                  /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          United States District Judge

**Copy mailed to:**
Vladimir Rodriguez
195 Nagle Avenue
Apartment 6L
New York, NY 10034